Joshua R. Woodard, Bar No. 149529
jwoodard@swlaw.com
Tiffanny Brosnan, Bar No. 184810
tbrosnan@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone: 714.427.7000
Facsimile: 714.427.7799

*Attorneys for Defendant*
*Embry-Riddle Aeronautical University, Inc.*

SNELL & WILMER

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCAS ZARLENGO,<br><br>Plaintiff,<br><br>v.<br><br>EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC., a Florida Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1331 (FEDERAL QUESTION)**<br><br>(Case removed from Superior Court of California, County of Los Angeles, Case No. 26STCV06679)<br><br>Date Action Filed: March 2, 2026<br>Trial Date: None |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Embry-Riddle Aeronautical University, Inc. ("Defendant") hereby removes to this Court the state court action entitled, *Lucas Zarlengo v. Embry-Riddle Aeronautical University, Inc., et al.,* Case Number 26STCV06679, previously pending in the Superior Court of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, based on federal question jurisdiction. As grounds for removal, Defendant states as follows:

**State Court Action**

1. On March 2, 2026, Plaintiff Lucas Zarlengo ("Plaintiff") commenced an action in the Superior Court of the State of California, County of Los Angeles, entitled *Lucas Zarlengo, an individual, Plaintiff, v. Embry-Riddle Aeronautical University, Inc., a Florida Corporation, and DOES 1 through 50, inclusive, Defendants,* as case number 26STCV06679 (the "State Court Action"). A true and correct copy of the Complaint for Damages (the "Complaint") is attached as **Exhibit A**.

2. On April 1, 2026, Plaintiff filed a First Amended Complaint for Damages ("First Amended Complaint"). A true and correct copy of the First Amended Complaint is attached as **Exhibit B**.

3. On April 15, 2026, Defendant received copies of the Complaint and First Amended Complaint, when Plaintiff served Defendant through its process agent, Corporation Service Company. Plaintiff also served a copy of the Summons. A true and correct copy of the Summons is attached as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit A** [Complaint], **Exhibit B** [First Amended Complaint], **Exhibit C** [Summons], **Exhibit D** [Notice of Case Assignment – Unlimited Civil Case], **Exhibit E** [ADR Information Package], **Exhibit F** [Notice of Case Management Conference], **Exhibit G** [Civil Case Cover Sheet], **Exhibit H** [Attachment to Judicial Council Form], and **Exhibit I** [Civil Case Cover Sheet Addendum and Statement of Location].

5. Nothing in this Notice of Removal shall be interpreted as waiver or relinquishment of Defendant's rights to assert defenses, including, without limitation, the defenses of: (i) lack of personal jurisdiction; (ii) improper venue and/or *forum non conveniens*; (iii) insufficiency of process; (iv) insufficiency of service of process; (v) improper joinder of claims and/or parties; (vi) failure to state a claim; (vii) failure to join indispensable parties; or (viii) any other procedural or substantive defense

SNELL & WILMER

available under state or federal law. This Notice of Removal is not considered a general appearance. *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 376 (1937) ("[o]btaining the removal from the state court into the federal court d[oes] not operate as a general appearance by the defendant").

**Jurisdiction and Venue**

6. This action is a civil action that may be removed to this Court under 28 U.S.C. § 1441(a) because this Court has federal question jurisdiction over this matter, pursuant to 28 U.S.C. § 1331.

7. This Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, because Plaintiff's operative complaint, the First Amended Complaint, alleges causes of action that arise under federal law. Specifically, Plaintiff alleges that Defendant violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) (Second Cause of Action), and Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 *et seq.* (Fourth Cause of Action).

8. Pursuant to 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over Plaintiff's California state law claims because those claims are so related to the claims in this matter that give rise to the Court's original jurisdiction, pursuant to § 1331, that they form part of the same case or controversy under Article III of the United States Constitution. The state law claims alleged by Plaintiff—violation of California Government Code § 11135 *et seq.* (First Cause of Action), violation of the California Unruh Civil Rights Act (Third Cause of Action), breach of contract (Fifth Cause of Action), breach of the covenant of good faith and fair dealing (Sixth Cause of Action), negligent supervision and retention (Seventh Cause of Action), fraud in the inducement (Eighth Cause of Action), violation of Business & Professions Code § 17200 *et seq.* (Ninth Cause of Action), violation of Business & Professions Code § 17500 *et seq.* (Tenth Cause of Action), violation of California Education Code § 66270 *et seq.* (Eleventh Cause of Action), and violation of California Civil Code §§ 54-55.32 (Twelfth Cause of Action)—have a common

nucleus of operative facts as Plaintiff's claims under the Rehabilitation Act and ADA. The factual basis of all of Plaintiff's claims is provided in Paragraphs 10-30 of the First Amended Complaint, and each of Plaintiff's claims—under federal and state law—incorporate by reference all preceding paragraphs of the First Amended Complaint. *See* **Exhibit B**, ¶¶ 31, 39, 48, 60, 69, 77, 84, 93, 100, 108, 117, and 126.

9. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), venue is proper in the Central District of California because this District embraces the place in which the removed action has been pending (Los Angeles County Superior Court).

**Timeliness of the Removal**

10. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b)(1), because it is filed within 30 days after receipt by Defendant of copies of the Complaint and First Amended Complaint.

**Consent**

11. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant consents to the removal of this action.

**Written Notice**

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly provided to all adverse parties. A copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of California, Los Angeles County.

**Conclusion**

For the foregoing reasons, Defendant may properly remove the State Court Action to this Court under 28 U.S.C. §§ 1331, 1441, and 1446.

SNELL & WILMER

Dated: May 14, 2026

SNELL & WILMER L.L.P.

By: /s/ *Tiffanny Brosnan*
Joshua R. Woodard
Tiffanny Brosnan
Attorneys for Defendant Embry-Riddle Aeronautical University, Inc.